IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| CALVIN DEMARK VEASLEY | § | |
| VS. | § | CIVIL ACTION NO. 4:05cv321 |
| BYRON GREEN, ET AL. | § | |

## MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS

Plaintiff Calvin Demark Veasley, an inmate in the Stevenson Unit, proceeding *pro se*, brought this civil rights suit pursuant to 42 U.S.C. § 1983 against Byron Green and Don Willingham, both employees of the Texas Department of Public Safety in Sulpher Springs, Texas.

The court referred this matter to the Honorable Don D. Bush, United States Magistrate Judge, at Sherman, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the complaint be dismissed as barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court

1

concludes Plaintiff's objections are without merit.

Plaintiff filed the above-styled action no earlier than July 25, 2005.[1]   The factual basis of plaintiff's claims occurred on August 8, 2001, when the police allegedly improperly questioned his minor son, in violation of plaintiff's constitutional rights. Plaintiff claims that because he was incapacitated he did not learn of the allegations and statements of his son until the month of June, 2003, when he started appealing his criminal case.   [2] However, as previously stated, this action was filed no earlier than July 25, 2005.  Accordingly, plaintiff's claims are barred by limitations.  Further, plaintiff's claims are frivolous and fail to state a claim upon which relief may be granted.

As part of his claim for relief, plaintiff asks that the court "look at his case."  Interpreted liberally, plaintiff's request is construed as a request for habeas relief.  However, plaintiff has previously brought a petition for writ of habeas corpus challenging his conviction.  The petition was denied on January 19, 2005. *See* *Veasley v. Director*, No. 4:04cv389 (E.D. Tex. Jan. 19, 2005).

---

[1]   A prisoner's pleading is deemed filed as of the date it was delivered to prison authorities for forwarding to the court.  *Cooper v. Brookshire*, 70 F.3d 377, 381 (5th Cir. 1995) (applying rule of *Houston v. Lack*, 487 U.S. 266 (1978), to a prisoner's complaint); *Thompson v. Raspberry*, 993 F.2d 513, 515 (5th Cir. 1993) (applying the *Houston* rule to a prisoner's objections to the report of a magistrate judge).  Plaintiff's complaint was executed on July 25, 2005.  Therefore, he could not have delivered the complaint to prison officials before July 25, 2005.

[2]   While plaintiff claims he attempted to file this claim in October 2004, there is no record of plaintiff's complaint with the court. It is noted that plaintiff successfully filed two other civil lawsuits in this court during the month of October 2004.  *See Veasley v. Hopkins County Memorial Hospital*, Civil Action No. 4:04cv344, filed October 1, 2004 and *Veasley v. St. Joseph Hospital*, Civil Action No. 4:04cv364, filed October 21, 2004. However, there is no record of an additional lawsuit filed in this court by plaintiff.

Thus, any petition for writ of habeas corpus would be barred as successive, absent permission from the Fifth Circuit Court of Appeals which plaintiff did not obtain prior to filing this action.

Additionally, any claim for monetary damages based on the alleged improper questioning of plaintiff's son which led to plaintiff's arrest and conviction are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). In order to recover damages for allegedly unconstitutional convictions or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff in a suit brought pursuant to 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Heck*, 114 S.Ct. 2364.

A judgment in favor of the plaintiff would necessarily imply the invalidity of the conviction or sentence. Plaintiff has not alleged or demonstrated that his conviction has been overturned or otherwise invalidated. As set forth above, plaintiff's petition for writ of habeas corpus was denied. Thus, plaintiff's claims are frivolous and fail to state a claim upon which relief may be granted.

Finally, to the extent that plaintiff has requested that criminal charges be filed against the defendants, an inmate has no constitutional right to have someone criminally prosecuted. *Oliver*

*v. Collins*, 914 F.2d 56, 60 (5th Cir.1990). Thus, he has requested relief which is not available to him. *See Oliver v.. Collins*, 904 F.2d 278, 281 (5th Cir.1990)("The decision to file or not file criminal charges falls within [the] category of acts that will not give rise to section 1983 liability."). Accordingly, the plaintiff's claims must be dismissed.

### O R D E R

Accordingly, Plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the reports of the Magistrate Judge are **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED this 29th day of November, 2005.**


MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

4